IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARY E. SMITH,**

    **Plaintiff,**

    v.

**FIRST FRANKLIN HOME LOAN
SERVICES AND NATIONAL CITY HOME
LOAN SERVICES,**

    **Defendants.**

Case No. 2:08-CV-793

JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KING

## OPINION AND ORDER

This matter is before the Court on Defendants First Franklin Home Loan Services and National City Home Loan Services' Motion to Dismiss. (Doc. 13). For the following reasons, the Motion is GRANTED.

### I.

Plaintiff Mary Smith, acting *pro se*, brings this action against First Franklin Home Loan Services and National City Home Loan Services (collectively, "Defendants") seeking damages arising out of a mortgage and home loan which were the subject of a foreclosure action in 2004. Ms. Smith previously filed an identical suit in the Franklin County Court of Common Pleas, Case No. 08CVH 08 11827. Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Ms. Smith responded by filing a "Motion Not to Dismiss," which the court will consider as a memorandum in opposition to Defendants' motion. (Doc. 16).

### II.

Defendants request that the Court abstain from exercising jurisdiction due to the existence of a parallel, earlier-filed State court proceeding.

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest."

*Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (U.S. 1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)).

In *Colorado River*, the Supreme Court held that, in deciding whether to defer to the concurrent jurisdiction of a state court, a district court must consider several factors. *Id.* at 818–19. As set out by the Sixth Circuit in *Romine v. Compuserve Corp.*, 160 F.3d 337, 340-341 (6th Cir. Ohio 1998), the factors are as follows: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id.*

Applying these factors, the Court declines to exercise jurisdiction in this matter. Plaintiff's claims were initially filed in state court, in the County in which Plaintiff lives. The state court first obtained jurisdiction over the parties and the subject matter. State law governs the Complaint and is adequate to protect Plaintiff's rights. Declining to exercise jurisdiction will avoid piecemeal litigation and potentially conflicting judgments.

Absent subject matter jurisdiction, the case is dismissed under Fed. R. Civ. P. 12(b)(1).

## III.

For the foregoing reasons, Defendants' Joint Motion to Dismiss Plaintiff's Complaint (doc. 13) is GRANTED.

**IT IS SO ORDERED**

3-16-2009
Date

Edmund A. Sargus, Jr.
United States District Judge